# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HAROLD BRUCE SHEEHAN II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-CV-210 |
| | ) |
| JAMES KRUGER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Harold B. Sheehan II, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983, on July 20, 2011 (DE #5). For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against James Kruger, Edward Poor, and Officer Krizon in their individual capacities for compensatory and punitive damages for using excessive force against him in violation of the Fourteenth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on James Kruger, Edward Poor, and Officer Krizon; and (4) **ORDERS** James Kruger, Edward Poor, and Officer Krizon, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Harold B. Sheehan II filed this action on June 20, 2011. (DE #1.) The Court assessed an initial partial filing fee in accordance with 28 U.S.C. § 1915(b). (DE #3.) On July 20, 2011, Sheehan filed an amended complaint. (DE #5.) On March 8, 2012, Sheehan paid the initial partial filing fee, such that the case can now proceed to screening. (DE #9.)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Sheehan complains about events that occurred while he was a pretrial detainee at the Allen County Jail. (DE #5 at 1.) Specifically, he alleges that while he was housed at the jail, he had an ongoing disagreement with Correctional Officers James Kruger and Edward Poor about their failure to take him and other detainees on his cell block to their GED classes. (*Id.* at 3.) On or about June 24, 2009, Officers Kruger and Poor allegedly told Sheehan that they were "fed up" with his complaints. As Sheehan was standing inside his cell, the officers told him to place his hands on the wall, which he did. They then entered the cell and handcuffed him to transport him to a part of the jail "that houses pre-trial detainees that have committed offenses against the jail (i.e., dead lock)." (*Id.* at 4.) He claims that as they were transporting him, they began calling him names and then yanked on his handcuffs, which caused his wrists to bend "in ways that are not made to be bent." (*Id.*) They began saying, "Stop resisting," even though he was not resisting, and started kicking him in his side and punching him in his face and head. (*Id.*) While he was "bent over and staggering forward" they pulled him up, gouged his eyes with their fingers, choked him, and kicked him repeatedly. Sheehan claims that Officer Krizon, (first name unknown), then came to assist the

other officers. Officer Krizon used his body weight to pull Sheehan to the ground and began choking him. All three defendants then slammed his face to the floor, "using his hair for leverage," causing cuts and swelling to his face. (*Id.* at 5.) Sheehan alleges that as a result of this incident he suffered pain and physical injury, with ongoing problems in his wrists, as well as emotional injury. (*Id.* at 6.)

Because Sheehan was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The standards that apply are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In either case, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, Sheehan alleges that although he obeyed the officers' orders and was not resisting in any way, the defendants yanked on his handcuffs, kicked and punched him repeatedly, choked him,

4

gouged his eyes, and slammed his face into the floor.  Taking Sheehan's allegations as true, as the Court must at this stage, he has alleged a plausible excessive force claim under the Fourteenth Amendment.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed against James Kruger, Edward Poor, and Officer Krizon in their individual capacities for compensatory and punitive damages for using excessive force against him in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on James Kruger, Edward Poor, and Officer Krizon; and

(4) **ORDERS** James Kruger, Edward Poor, and Officer Krizon, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: March 13, 2012**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**