UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HAROLD B. SHEEHAN II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:11-CV-210 |
| | ) | |
| JAMES KRUGER, EDWARD POOR, and | ) | |
| OFFICER KRIZON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Compel filed by *pro se* Plaintiff Harold

B. Sheehan II (Docket # 42), seeking an order compelling the Defendants, Officers James

Kruger, Edward Poor, and Krizon, to produce documents responsive to Sheehan's First Request

for Production of Documents (Docket # 16). Defendants responded (Docket # 48, 49), but

Sheehan did not file a reply, and the time to do so has since passed. As such, the motion is now

ripe for ruling. For the following reasons, Sheehan's Motion to Compel will be DENIED.

### A.  *Factual and Procedural Background*

On June 20, 2011, Harold B. Sheehan II brought this *pro se* prisoner complaint under 42

U.S.C. § 1983, alleging that Allen County Correctional Officers James Kruger, Edward Poor,

and Krizon used excessive force against him on June 24, 2009, when he was incarcerated at the

Allen County Jail ("Jail"). (Docket # 1.) Sheehan subsequently amended his complaint on July

20, 2011. (Docket # 5.) Pursuant to 28 U.S.C. § 1915A, Sheehan's Amended Complaint was

screened, and he was permitted to proceed forward with only his excessive force claims against

Officers Kruger, Poor, and Krizon in their individual capacities. (Docket # 10.) All other claims

Sheehan brought in his Amended Complaint were therefore dismissed. (Docket # 10.)

Sheehan served his First Request for Production of Documents on Defendants on May 14, 2012. (Docket # 16.) Defendants responded on August 31, 2012, producing some documents, but also objecting to several of Sheehan's requests as being overly broad, unduly burdensome, or irrelevant. (*See* Docket # 30-39.) Unsatisfied with Defendants' responses, Sheehan filed a motion to compel on October 19, 2012. (Docket # 42.)

### B. Standard on a Motion to Compel Discovery

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.

### C. Discussion

In his motion, Sheehan takes issue with Defendants' responses to Requests No. 2-14, 19, 22-23, 26, and 28-33, contending that Defendants raise only meritless objections, that they misled him and provided insufficient responses, and that the documents he seeks are relevant to

his claims.  (*See* Sheehan's Decl. in Supp. of Mot. to Compel Disc.[1] ("Sheehan's Decl.") ¶¶ 3, 8;

Br. in Supp. of Pl.'s Mot. ("Pl.'s Br. in Supp.") 1.)  The Court will address each request in turn.

1.  Requests No. 2 and 28: In Request No. 2, Sheehan seeks "[a]ny and all reports, notes,

papers, memorandums or other documents created by any Allen County Jail staff member, or

corrections officers concerning policy and procedure, directions, operational procedures, or any

other kind of instructions or orders that would be given out to conduct the duties of the Allen

County Jail and its staff."  (Docket # 16 at 2.)  Request No. 28 seeks "any investigations

conducted by the Allen County Jail Internal Affairs or third party representing the Allen County

Jail, its employees or staff and personnel as it relates to any pretrial detainees or inmates and the

mistreatment committed against these officers in the last fifteen (15) years."  (Docket # 16 at 7-

8.)  Defendants maintain that both these requests are overly broad, unduly burdensome, and seek

irrelevant information because Sheehan's complaint contains no official capacity claim against

the Allen County Sheriff relating to any policy, procedure, or training.  (Docket # 30 at 2, 11.)

Nonetheless, in response to Request No. 2, Defendants produced the Allen County Sheriff's

Department ("ACSD") use of force policy.  (Docket # 30 at 2; *see* Docket # 30-2.)

In a general response to Defendants' relevancy argument, Sheehan argues that "a party

can obtain information about the defendants and their prior records that may be relevant to their

credibility and other issues as well [as] about policies, practices, and occur[e]nces that may be

relevant to a claim."  (Pl.'s Br. in Supp. 1.)  He further cites *Ramirez v. Cnty. of Los Angeles*, 231

F.R.D. 407, 411-12 (C.D. Cal. 2005), in support of this argument.

But what distinguishes the present case from *Ramirez* is that the plaintiff in *Ramirez*

---

[1] Sheehan's Declaration is included as the second page of Docket # 42.

actually brought a policy and procedure claim against the Sheriff's Department. *Id.* at 409.

Sheehan, however, has never advanced a claim of unconstitutional policy, procedure, or training

against the Sheriff in his official capacity in either his original or amended complaint. (*See*

Docket # 1, 5.) As a matter of fact, Officers Kruger, Poor, and Krizon have always been the only

defendants against which Sheehan has alleged a claim. (*See* Docket # 1, 5.) And Sheehan could

not now amend his complaint to add any defendants or claims because, as the alleged excessive

force occurred on June 24, 2009, the statute of limitations has run. *See Richards v. Mitcheff*, 696

F.3d 635, 637 (7th Cir. 2012) (stating that suits under § 1983 use the statute of limitations that

states employ for personal-injury claims, which, in Indiana, is two years).

Not to be deterred, Sheehan argues that he "would like to be able to show a cause of

action, which is his official capacity claim for a [j]ustifiable cause, i.e. existence of facts that are

essential for prosecution." (Pl.'s Br. in Supp. 2.) The Court, however, does not have to decipher

what claim Sheehan is attempting to advance because it has already limited Sheehan's claims to

encompass only excessive force claims against Officers Kruger, Poor, and Krizon in their

individual capacities. (*See* Docket # 10.) As such, Sheehan could not amend his complaint to

add any "official capacity" claim.

Therefore, any documents concerning the policy and procedure, directions, operational

procedures, or duties of the Jail and its staff, beyond the use of force policy, have no bearing on

any issue that is or may be in the case, making them irrelevant and undiscoverable. *Chavez*, 206

F.R.D. at 619. The same can be said for Sheehan's request for any investigations in the last

fifteen years into *any* mistreatment of pretrial detainees or inmates by Jail employees or

correctional officers. Because Sheehan does not bring an unconstitutional policy, procedure, or

training claim, any complaints or allegations of inmate mistreatment not involving Sheehan or any one of the Defendants is irrelevant. Accordingly, Sheehan's motion to compel further responses to Requests No. 2 and No. 28 is DENIED.

2. Request No. 3: Sheehan's third request demands "[e]ach and every investigation report, jail log, departmental memorandum, [and] written documents concerning the Allen County Jail" on June 24, 2009. (Docket # 16 at 2.) In response, Defendants produced the jail incident reports from this day as well as the documents and notes from Sheehan's disciplinary hearing. (Docket # 30 at 2; *see* Docket # 30-3.) Sheehan argues that Defendants produced only his own criminal record, "which was misleading and irrelevant to [his] request." (Sheehan Decl. ¶ 4.) But a review of the record reveals that Defendants did in fact produce the jail incident logs and disciplinary hearing notes as they indicate in their response. (*See* Docket # 30-3 at 7-13 (disciplinary hearing notes), 14-29 (jail incident logs from June 24, 2009).) Thus, Sheehan's motion to compel is DENIED with respect to Request No. 3.

3. Requests No. 4 and 6-8: These requests ask for all investigative reports written by Jail employees regarding all assaults on pretrial detainees or inmates in the last ten years (Request No. 4); any investigative reports made by a party representing the Jail, its officers, or sheriffs in the last ten years (Request No. 6); all documentation the Jail has regarding complaints by pretrial detainees or inmates housed in the Jail for the five years prior to June 24, 2009 (Request No. 7); and all documents regarding investigations into inmate assaults by a Jail officer, sheriff, or employee for the five years prior to June 24, 2009 (Request No. 8). (Docket # 16 at 2-3.) Defendants object to all of these requests as being overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. (Docket # 30 at 2-4, 11.)

Because these requests are not limited to incidents involving Sheehan or any of the Defendants, they are overly broad and unrelated to Sheehan's excessive force claims. Moreover, the burden of producing such investigative reports and documents for the last five or ten years outweighs what little relevance, if any, they would have to Sheehan's claims. *See Chavez*, 206 F.R.D. at 619. Thus, the portions of Sheehan's motion seeking to compel responses to Requests No. 4, 6, 7, and 8 are DENIED.

4. Request No. 5: This request asks for "[a]ny Internal Affairs reports of Sheriffs or correctional officers and staff that were made for the following: assaults on anyone being housed in the Allen County Jail; use of excessive force claims on anyone being housed in the Allen County Jail; and any complaints made against the people employed by the Allen County Jail for constitutional rights being violated in the last ten (10) years." (Docket # 16 at 3.) Defendants again object that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and refer Sheehan to the documents already produced in response to Requests No. 2 and 3—the ACSD's use of force policy, the jail incident reports from June 24, 2009, and the notes from Sheehan's disciplinary hearing. (Docket # 30 at 3.) Sheehan argues that he "seeks documentation pertaining to particular kinds of complaints and allegations about *these* Defendants." (Pl.'s Br. in Supp. 2 (emphasis added).)

Defendants concede that Sheehan is entitled to discovery concerning the discipline and complaints against the three Defendants in this case and, as such, produced the personnel files of Officers Kruger, Poor, and Krizon in response to Request No. 9. (Defs.' Mem. in Supp. of Resp. to Mot. to Compel 6; *see* Docket # 31-36.) Assuming that these personnel files would include any complaints against or discipline received by Defendants, then Defendants have sufficiently

responded to this request as the remainder of the request seeking the complaints made against

other Jail employees is overly broad and irrelevant.[2]  As already noted, Sheehan did not, and

cannot at this point, bring any unconstitutional policy, procedure, or training claim, making the

Internal Affairs reports concerning alleged assaults of other inmates besides Sheehan by Jail

employees other than Defendants wholly irrelevant to his excessive force claims.  Accordingly,

Sheehan's Motion to Compel is DENIED with respect to Request No. 5.

     5.  Request No. 9: Sheehan's ninth request seeks the personnel files of all staff,

correctional officers, sheriffs, and employees of the Allen County Sheriff for the five years prior

to June 24, 2009.  (Docket # 16 at 3-4.)  Although Defendants produced their own personnel

records (*see* Docket # 31-36), they argue that, to the extent that the request seeks the personnel

files for other ACSD employees, it is overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence (Docket # 30 at 4).  Because Request

No. 9 seeks the personnel files for other ACSD employees who are not defendants in this case, it

is indeed overly broad and does seek irrelevant information.  As Defendants have produced their

own personnel files—the only such files that are relevant to Sheehan's claims—the motion to

compel a further response to Request No. 9 is DENIED.

     6.  Requests No. 10-12 and 26: These requests seek documents, training manuals, videos,

and reference guides relating to training ACSD employees on their job duties and jail safety and

---

[2] Sheehan claims that, during his numerous incarcerations at the Jail, he has met victims of assault first
hand and that, as such, there should be "numerous complaints against two of the Defendants and other officers that
worked in the Allen County Jail."  (Pl.'s Br. in Supp. 2.)  Such unsupported speculation that more complaints should
exist is insufficient to support Sheehan's motion to compel. *See In re Appl. for an Order for Judicial Assistance in a
Foreign Proceeding in the Labor Court of Brazil*, 244 F.R.D. 434, 438 (N.D. Ill. 2007); *Cohn v. Taco Bell Corp.*,
No. 92 C 5852, 1995 WL 519968, at *4 (N.D. Ill. Aug. 30, 1995) (holding that materials produced by the parties,
and defendant's assertion that plaintiffs were withholding discoverable documents, did not suggest that plaintiffs
were in fact withholding relevant documents).

operations (Request No. 10), the use of force against inmates (Request No. 11), and the use of

physical restraints against inmates while on route to the Jail (Request No. 12), and all policies,

directions, personal performance manuals, or contracts that contain standards of performance

(Request No. 26). (Docket # 16 at 3-4, 7.) Defendants object to all these requests as being

overly broad and irrelevant and refer Sheehan to the ACSD use of force policy previously

produced. (Docket # 30 at 5-6, 10.) They further note that their individual employee evaluations

are included in their personnel files, which they produced in response to Request No. 9. (Def.'s

Mem. in Supp. of Resp. to Mot. to Compel 5.)

Once again, because Sheehan does not advance an unconstitutional policy, procedure, or

training claim, documentation pertaining to training, job duties, and performance policies are

wholly irrelevant to his excessive force claims against Defendants in their individual capacities.

Defendants adequately satisfied the only relevant parts of these requests by producing the ACSD

use of force policy and their own performance evaluations. Therefore, Sheehan's motion to

compel is DENIED with respect to Requests No. 10, 11, 12, and 26.

7. Requests No. 13 and 14: These requests seek the names and addresses of both former

Jail employees (Request No. 13) and current employees that have been employed by the Jail for

the last ten years (Request No. 14). (Docket # 16 at 4-5.) Defendants assert that these requests

are overly broad and seek undiscoverable information, namely the home addresses of

confinement officers. The Court agrees with Defendants. A police officer's home address is

undoubtedly confidential and undiscoverable. *See Scaife v. Boenne*, 191 F.RD. 590, 591 (N.D.

Ind. 2000) (collecting cases). And Defendants have already produced their personnel files. As

such, these expansive and unconditioned requests for the names of terminated and current Jail

employees are extremely broad and wholly irrelevant, and Sheehan's motion to compel further responses to Requests No. 13 and 14 is DENIED.

8. Request No. 19: This request asks Defendants to provide all photographs, either still or moving, that would show Sheehan on June 24, 2009. (Docket # 16 at 6.) Sheehan further elaborates that he is seeking video footage from blocks A and W in the Jail and pictures that were taken by Lt. Gonzalez and Angela Spahieve showing his face, body, and wrists. (Pl.'s Br. in Supp. 2.) As to the Jail footage, Defendants state that, in June 2009, footage of W-Block was not continuously recorded, and, as such, no footage was recorded on June 24th. (Defs.' Mem. in Supp. of Resp. to Mot. to Compel 7.) Defendants further deny that any recording or photograph of the alleged incident between Sheehan and Defendants exist. (Defs.' Mem. in Supp. of Resp. to Mot. to Compel 7.)

The Court cannot order Defendants to produce recordings or photographs that are not in their "possession, custody, or control." *See, e.g.*, *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992). Therefore, Sheehan's motion to compel is DENIED with respect to Request No. 19. Nonetheless, even if Defendants have no recordings or photographs to produce in response to this request, Sheehan is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* JAY E. GRENING & JEFFREY S. KINSLER, HANDBOOK OF FEDERAL CIVIL DISCOVERY AND DISCLOSURE § 9.40 (2d ed. 2002).

Accordingly, Defendants are ORDERED to execute an affidavit on or before December 19, 2012, (1) stating that after diligent search there are no responsive documents in their

possession, custody, or control, other than those previously produced,[3] *Fishel*, 175 F.R.D. at 531;

*see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs.,*

*P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their

efforts to locate documents responsive to Request No. 19, *see Brooks v. Singletary*, No. 88-C-

2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).  Of course, Federal Rule of Civil

Procedure 26(e)(1) requires that Defendants supplement or correct their discovery responses in a

timely manner if they learn that they are incomplete or incorrect.  *See* FED. R. CIV. P. 26(e)(1)

        9.  Request No. 22: In this request, Sheehan asks for "[r]eports of meetings in the Allen

County Jail, including, but not limited to, staff development meetings, department head

meetings, grievance committee meetings, nurse meetings or medical staff meetings, and Internal

Affairs meetings for the last ten (10) years."  (Docket # 16 at 5.)  As Defendants point out,

Sheehan makes no attempt to limit the scope of this request to a particular subject matter, time,

or context.  (Defs.' Mem. in Supp. of Resp. to Mot. to Compel 5-6.)   And it is hard to see how

such a broad request could produce evidence relevant to Sheehan's excessive force claims.

Moreover, it would certainly be unduly burdensome for Defendants to produce these expansive,

and likely voluminous, reports when they have little, if any, relevance to this case.  Accordingly,

the motion to compel is DENIED with respect to Request No. 22.

        10.  Request No. 23: This request seeks the "corporate charter for Allen County Jail."

(Docket # 16 at 7.)  Defendants, unsure of what Sheehan is requesting, respond that there is no

corporate charter for the Jail as neither the ACSD nor the Jail are a corporation.  (Docket # 30 at

---

[3] The Court expects Defendants to set forth this language specifically in its affidavit, rather than a variation thereof.

12; Defs.' Mem. in Supp. of Resp. to Mot. to Compel 6.) As Sheehan does not clarify this request, the Court finds Defendants' response sufficient and DENIES Sheehan's motion to compel a further response to Request No. 23.

11. Requests No. 29-31: Request No. 29 seeks "[e]ach and every document prepared by the CNS board relating to assault on offenders in the last ten (10) years," Request No. 30 asks for "[e]ach and every document prepared by the CNS board relating on [sic] assaults on staff, sheriffs, correctional officers, and employees of the Allen County Jail in the last ten (10) years," and Request No. 31 demands "[a]ny investigation by staff member, employee, sheriff, internal affairs or third party representing these individuals for the reason of assault on these individuals in the last ten (10) years." (Docket # 16 at 8.) Defendants assert that these requests are overly broad, unduly burdensome, and irrelevant as they seek documents relating to individuals who are not parties in this action. (Docket # 30 at 11-12; Defs.' Mem. in Supp. of Resp. to Mot. to Compel 6.) Therefore, they produced the notes for only Sheehan's disciplinary hearing in response to Requests No. 29 and 30. (*See* Docket #30-3.) As Sheehan advances only excessive force claims against Defendants arising from the events of June 24, 2009, all of the documents sought in these three requests, with the exception of Sheehan's disciplinary hearing notes, are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the motion to compel is DENIED with respect to Requests No. 29, 30, and 31.

12. Requests No. 32-33: Lastly, Sheehan seeks to compel responses to Requests No. 32 and 33, which seek all investigations or reports Defendants intend to use against Sheehan (Request No. 32) and each and every document that Defendants intend to offer as exhibits at trial (Request No. 33). (Docket # 16 at 8.) In response to both requests, Defendants state that they

11

have not yet determined their exhibits, but indicate that the documents previously produced may be relied on.  (Docket # 30 at 12.)  Defendants reiterate in their response to the motion to compel that they cannot provide any further detail as discovery is still ongoing.  (Defs.' Mem. in Supp. of Resp. to Mot. to Compel 6.)

At this stage of the litigation, when the factual record is still being developed through ongoing discovery, Defendants' responses to these requests are sufficient.  And, of course, under Federal Rule of Civil Procedure 26(a)(3), Sheehan will eventually get the information he seeks in these requests in Defendants' pretrial disclosures.  *See* FED. R. CIV. P. 26(a)(3) (requiring a party to provide to other parties an identification of each exhibit it expects to offer, and may offer, at trial).  Thus, Sheehan's motion to compel is DENIED with respect to Requests No. 32 and 33.

### D.  Conclusion

For the foregoing reasons, Sheehan's Motion to Compel (Docket # 42) is DENIED.  As outlined herein, however, Defendants must execute an affidavit on or before December 19, 2012, regarding Request No. 19 of Sheehan's First Request for Production of Documents.

SO ORDERED.

Entered this 5th day of December, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge